Opinion by
MR. JUSTICE LEE.
Plaintiff in error, Robert Lee McClain, was convicted by a jury of aggravated robbery in the District Court of the City and County of Denver. His sole ground for reversal is predicated upon the admission into evidence of an extrajudicial statement allegedly obtained in violation of his rights as *104 enunciated in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. We affirm the judgment of conviction.
On September 23, 1968, at approximately 10:15 a.m., a robbery occurred at the Kentucky Fried Chicken Restaurant at 2815 Colorado Boulevard in Denver. The record shows that the robber entered the establishment by the back door where he encountered two employees in the kitchen area. As he brandished his .32 caliber revolver, he announced: “This is a stick up. Don’t look at me. Hit the floor.” A third employee who had been in the front room, sensing something was wrong, entered the kitchen and likewise was ordered to the floor, where he was instructed by the gunman to crawl back on his hands and knees to the cash register, and open it. Failing to find any money in the search of the cash register and the office area, the gunman commanded the three employees to throw their billfolds on the floor and to enter into the walk-in refrigerator and remain there for ten minutes. This they did while the robber took money from one of the bill-folds and fled.
On October 17, defendant was arrested upon complaint of his wife and taken into 'custody for using a firearm in violation of a restraining order. Thereafter, on October 20, while in custody on that charge, he was advised of his Miranda rights. He was read the standard advisement form and signed it, acknowledging that he understood his rights. He then signed the further statement: “And knowing my rights and knowing what I am doing, I now wish to voluntarily talk to you.” Thereafter, he was questioned whether he owned a gun and he responded that he owned a .32 caliber chromeplated revolver but that he had sold it to someone in Dallas, Texas. The next day he was placed in a police lineup at which he was identified by the restaurant employees. He was then charged with aggravated robbery.
The defendant does not challenge the validity of his arrest, or find fault with the lineup identification procedures.
At trial, a Jackson v. Denno hearing was held concerning the admission of the incriminating statement concerning *105 defendant’s ownership of a weapon. The evidence was in dispute as to whether the interrogating officer advised the defendant that he was suspected of the crime of robbery. Defendant contended he had not been so advised and that he would not have made the admission of ownership of the weapon had he known he was to be charged with the crime of robbery. The trial court resolved the evidence in favor of the People, finding as follows:
“THE COURT: Based upon the record as made, it is the finding of the Court that on October 20, 1968, the defendant herein was interrogated by Detective Sergeant Brannan in the presence of Detective W. D. Martin. That at that time the defendant was fully advised of his rights as exemplified by Exhibit C; that the record reflects the defendant was aware of his rights. He understood his rights, and that he consciously, knowingly, and voluntarily waived these rights as again exemplified by Exhibit C. The Court therefore finds by clear and convincing evidence the statement attributed to the defendant by Detective Brannan was freely and voluntarily made and hence admissible.”
Thereafter, the statement was admitted into evidence, the three eyewitnesses identified the defendant as the robber, and the jury returned its verdict of guilty.
 Defendant’s sole argument for reversal is that he did not make a knowing, intelligent waiver of his right to remain silent and of his right to have counsel present at the interrogation because he was not advised that he was being investigated concerning the robbery of September 23 at the Kentucky Fried Chicken Restaurant. As noted above, the record of evidence concerning this is in dispute. This same argument was presented to the trial court, which ruled against the defendant. The court’s findings were supported by competent evidence. Implicit in the court’s findings is the resolution of the matter of credibility of the witnesses and the weight of the evidence before the court on the matters at issue. This Court will not set aside those findings when supported by competent evidence.
The judgment is affirmed.
*106 MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.